Good morning, I'm Anne Cousincourt. My name is Jannie Ocumrine and I represent KM Enterprises, Inc. and Rodney Chris Morgan. An enhancement trust case brought against Global Traffic Technologies in the Northern District of California for convenience, I'm going to call the parties KM and GTT. The primary problem that separates the parties on the race to the product issue is GTT's misunderstanding of the procedural... response to the procedural... the penalty procedure on which I've been judged. I think you're probably right as a legal matter that any conduct that occurred after the filing date of the original complaint in the Minnesota action... it can't count for purposes of plain conclusion. But I guess I didn't see anywhere where you actually argued that before the district court had told the motion to alter or amend the judgment and that it's intended to be too late. So what do you have to say about that? Well, there was a stretch page limit and a seven day time limit and excuse me for my... I'm suffering from food poisoning as well. I'm not doing the best I can. So anyway, moving forward, I think I can. Page limits were a concern and the anti-trust, whether it was due to credit claim, was very... an onerous task. And this is all from my side. Your response to the motion to dismiss was one sentence. That was it. Well, no, I didn't. I set forth a timeline of events in the motion to dismiss. In your response to the motion to dismiss, there was one sentence that referred to the restricted harm act. That was it. Well, actually, the Minnesota... She was talking about the Minnesota district opinion. The Minnesota district opinion can only be seen in a judicially solvable context. If you read the... Even if the judgment on the pleading, there was a judgment on the pleadings in the tortious interference case, but she excluded the district judge and the district of Minnesota excluded the allegations involving St. Paul and West Carrollton at GTT's request. And the issue was that the tortious interference claim had two prongs according to the district judge and that her opinion is valid in my excerpts from pages 54, 57 to 64. Her...  as having two prongs. The first prong was the false press release regarding GTT's patent suit. And the second prong involved GTT contacting KME's potential customers and telling them that GTT would win the patent suit and would have tracked down business. And that was the way she described the tortious interference. And then she went on to address the evidence in support of each prong. She found that there was no evidence to support the press release prong. And she said there was... She addressed the evidence that was presented in support of the intimidating statements prong and said that it was hearsay and not admissible, and so she rated judgment on the pleadings. And the issue was whether the bidding and propriety allegations could be included in the second prong. And my clients were arguing that they should be included in the second prong to elect proof of the wrongfulness prong in the development of the tortious interference claim. And you're giving a lengthy summary of stuff that we've all read, that we're all aware of, but the question that you haven't answered in my view, or maybe you just don't have an answer, is that you never pointed out to the district court in your opposition to the Massachusetts motion to dismiss, not the motion to alter it, but the original opposition you filed, you never pointed out to the court that the conduct that you now want to mitigate occurred after the filing date of the original Minnesota complaint. Right? Well, it was within the documents that I objected, for one thing. For other things... The court's not obligated to sift through every page of the record and figure out what argument might support your position. You have an obligation to tell the court, look, this is why this claim is not barred by race judicata, and you never gave the court the information it needed to reach the correct results. So I'm just at a loss to understand how we are supposed to tell the district judge here that he messed up. Well, the district judge messed up by saying that I didn't dispute this particular thing, and he also cited 8th Circuit law that was cited by the plaintiff, the defendants. It doesn't apply, but I just did give it an ingredients. I was more concentrating on the actual issues that really should be determined, because race judicata... I am concerned about race judicata. You presented detailed articles. I think you presented detailed articles related to race judicata and your motion for reconsideration. I'm just trying to figure out why didn't you offer, along the same lines as Judge Woffman, why didn't you offer these arguments in your opposition to GDK's posters at the schools? Yes, this is about the district's page limits. It's the 7th page limit. That's a response to the district's... The main question I want to ask you, and I want to make sure you had an opportunity to respond, and your response is page 17. So what's your stand? I did not view the race judicata argument as a valid argument. I didn't think it deserved very much weight. I just thought the other issues deserved more weight. And in my practice, and I don't practice in the Northern District of California, but I do know that they are not willing to give extensions of time. And so I may have varying records of willing to extend page time, as is in my practice, but I haven't passed in the Northern District, Illinois, of California. The argument is a simple one. And it's just to tell the judge, look, they're arguing for plain preclusion on the basis of... It's not done. It didn't even occur until after I filed the original complaint. So I couldn't... Even if I'd wanted to, I could not have alleged those facts in the original complaint, and therefore it can't be the subject of plain preclusion. That's all you had to say. If you're not in a certain caseload, the whole thing would be right on that page. Well, if that's the case, then that would have been a great argument to make, but instead I made a judicial argument, which is also a valid argument. And I also provided a timeline to advance that there was no concurrent case pending at the same time involving those issues. And when there are two cases involving two... Yes, the Minnesota court deemed that there was an antitrust case concurrent to the one filed in Illinois. There was a decision that had to be made. So, you know, I think under my circuit law, if the other party brings an issue and I respond in any way, it is not waived for appeal and review. And all... And that's my briefing. And all of the legal analysis can be provided on review. Did you want to reserve the balance of your time? Yes, please. Okay. It is the court. My name is Eva Simpson. I'm on behalf of the College of Tech and Technologies. Jumping right to the court of student accounting issue, as this court noted, that issue is not argued, although all the arguments made may not appeal. They were, in fact, waived. None of these arguments remain in opposition to Gigi's motion to dismiss. They were waived until after Judson was entered. And Gigi's motion denied the motion. So for all the reasons that we've raised at the court bargaining discussion this morning, those issues are waived, and they're not properly before the court on appeal. And I think you might be right on that point, but can I just ask on the merits of the argument, do you acknowledge that the cleric, that she's probably right, that there can't be a claim preclusion on the basis of conduct that did arise until after the filing of the provisional complaint, right? I don't actually agree with that a little bit, Your Honor, in that, in most cases, when you're looking at the filing date of a complaint, it's because the only factivity brought into the scope of the litigation was there to be alleged in the complaint. However, courts look at what was actually in the scope of the litigation, what was brought into it by the parties, whether it's by their arguments, through discovery, through conduct, maybe they supplement through pleadings. But in those situations, they actually look at the nature of your judgment as far as your time in the law. I think you would be right if the Minnesota court had said, I'm going to accept these new allocations, and even accepting them as true, you still don't have a claim. That would be a judgment on the merits, and it wouldn't be because of the conduct that your opponent wants to take. But that's the exact opposite, is what happened here, right?  but the 12-seat judgment on the pleadings is also a judgment on the merits. There was discovery on this issue. It was brought onto the conduct that you are now in contention because the district judge said, I'm not going to consider it. It's too late. The court considered the conduct when said because the complaint failed to meet the ruling pleading standard and didn't satisfy the equality problem. Judge Ronald Peeves is granted with respect to this type of conduct. In fact, many of the same cities alleged in this case. That's right. But anyway, why does she finish what you're detailing one way or another? Why do you think that this was, wait, they didn't say it enough. There was kind of a detailed chronology in terms of the procedural history of the various cases in the union opposition. Why wasn't that in this position? They didn't say anything about this argument in their opposition. They talked a lot about chronology happening in Illinois, and they talked about what happened in Minnesota, but at no point did they say, these particular events didn't happen yet. We've come to make these arguments. They did, in fact, make these arguments as they're peering for their torches to a tax claim. That was part of the case. They had an expert who submitted a whole interim report on this. So as far as saying, these cities may be, we couldn't argue these, that just appears nowhere. I think in terms of judicial economy and fairness of the parties, it wasn't properly before the court at any time. Can you answer this in the complaint in this action in order to disreport? Did the plaintiffs all match the dates of this new conduct that they now have when we're looking at it? And could the district court have just leaked that the complaint saw that this happened in 2011, 2012, and then moved it in the order that the district court action in Minnesota was filed in 2010 and therefore, hey, you know, it's pretty, not a hard mathematical way to determine why it wasn't bad enough for the district court to be aware of this issue? I think there is a real legal issue as far as what is the date you would look at it as far as you're confident that Kamey and it's reply for him provides a number of alternatives. Kamey doesn't say it has to be the date of the complaint. They say, well, it could have been the date there was an Illinois judgment or the date after which the Illinois judgment was granted. So Kamey's position, you know, on appeal isn't that everything after a filing date of the complaint is barred. They propose a number of alternatives. And if this argument was ever raised to the court, we certainly would have briefed it. That would have been an issue addressed by the court and we could have looked at whether maybe these eight allegations are barred and these two allegations aren't barred. But if we look at, for instance, what the allegations are that occurred after the judgment was entered, we're literally left with one allegation. And I just want to touch on what that is because this leads me to a pretty important point. That allegation relates to Activity in Jonesboro, Arkansas. And this is the allegation in the complaint. And I'm trying to remember, Kamey was a little better. We objected. They offered the city design, pricing, and product testing. And the city nevertheless awarded the contract to GCT. And Kamey does it with no issues aside. We're still left with a complaint that absolutely does not stand an interest. This Jonesboro allegation is a perfect example of that. Where an anti-a-court and an anti-other GCT action case in an antitrust or anti-competitive conduct filed against  GCT who competed too hard. It was too successful. The salesmanship was so good and cities really wanted to buy its product that they drafted specifications around GCT's product to ensure that GCT would get the contract. That's what the whole complaint is. And this court has done for over 40 years. That's not anti-competitive. That's not an antitrust violation. And even if there were violations of competitive bidding statutes or if there were clear violations, that's not an antitrust complaint. This court has said that the strategy said courts uniformly who look at this behavior have quote uniformly found such behavior not to be a violation and you can jockey over your stacks. And that's a valid form of competition. I can say that numerous cases from across the country that find this exact same thing. There's a triple M movement case in the second circuit. Efforts to not persuade government purchasers to draft stacks around their product. They call that classic competition appearance. This is what every circuit court has found. Numerous different courts have said that they don't trust this exact same type of thing. So at the end of the day even setting aside the waiver issues which is           why I'm here  is because I      right thing to do. I believe that this is the right thing to do. I believe that this is the          5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5 5
judges: Fernandez, Murguia, Watford